BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAIRE RICHARDS; ALISHA CURTIN; DAKOTA ADELPHIA; MICHAEL SCHWARTZ; DARIN PRINCE; NORTH COUNTY SHOOTING CENTER, INC.; JOHN PHILLIPS; PWGG, L.P.; SAN DIEGO COUNTY GUN OWNERS PAC; CALIFORNIA GUN RIGHTS FOUNDATION; FIREARMS POLICY COALITION, INC.; and SECOND AMENDMENT FOUNDATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of California; and ALLISON MENDOZA, in her official capacity as Director of the California Department of Justice Bureau of Firearms,<br><br>*Defendants*. | Case No.: 3:23-cv-00793-LAB-WVG<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Date: July 11, 2023**<br>**Time: 1:15 p.m.**<br>**Hon. Allison H. Goddard**<br>**Via Videoconference** |

Pursuant to the Court's Notice and Order Setting Case Management Conference (ECF No. 8), the parties submit the following Joint Case Management Conference Statement:

1. <u>Jurisdiction and Service</u>: All parties have been served. Plaintiffs have asserted claims under the Second and Fourteenth Amendments to the United States Constitution. Plaintiffs contend that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202, and 42 U.S.C. § 1983. Defendants have answered and do not dispute at this time that the Court has subject matter jurisdiction over Plaintiffs' claims, although Defendants reserve the right to contest subject matter jurisdiction based on Plaintiffs' standing.

2. <u>Facts and Legal Issues</u>: On May 1, 2023, Plaintiffs filed suit challenging the constitutionality of California's statutory and regulatory scheme imposing a 10-day waiting period on firearm purchases. Cal. Penal Code §§ 26815 and 27540 (the "Waiting Period Laws").

Defendants are Attorney General Rob Bonta and California Department of Justice Bureau of Firearms Director Allison Mendoza, sued in their official capacities. The Department of Justice and Bureau of Firearms regulate and enforce state laws relating to the sale of firearms, including the Waiting Period Laws.

*Plaintiffs' Statement*

Plaintiffs have asserted two claims.

<u>First</u>, Plaintiffs assert that the Waiting Period Laws violate their Second Amendment right to keep and bear arms. The premise of Plaintiffs' claims is that California may not prevent a law-abiding person from taking possession of a firearm after it confirms, using readily available electronic databases, that the person is not prohibited from possessing firearms. In other words, if the Defendants' electronic background check returns no records showing that an applicant is prohibited from possessing firearms—which occurs in a matter of minutes for up to 20% of all purchasers—they must allow a dealer to transfer possession of the arm without further

delay. Under *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S.Ct. 2111, 2126, 2134 (2022), Plaintiffs' "proposed course of conduct" is covered by the Second Amendment's text. And, since comparable waiting period laws never existed until the early 1900s, the State cannot meet its burden of showing that its Waiting Period Laws are "consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 142 S.Ct. 2111 at 2129–30.

<u>Second</u>, Plaintiffs assert that the numerous statutory exemptions in the waiting period laws violate their right to equal protection under the law as guaranteed by the Fourteenth Amendment to the United States Constitution, in that California law favors several classes of people by not subjecting them to the same waiting-period laws applicable to ordinary citizens. Plaintiffs contend that, because these statutory classifications interfere with the fundamental right to keep and bear arms, they are subject to strict scrutiny. *Zablocki v. Redhail*, 434 U.S. 374, 388 (1978); *Hoffman v. United States*, 767 F. 2d 1431, 1434–35 (9th Cir. 1985). On that score, Defendants cannot justify the distinctions favoring certain classes of citizens under strict scrutiny. There is no justification to treat these broad classes of purchasers differently than Plaintiffs with respect to the Waiting Period Laws. The lack of tailoring and breadth of classifications is fatal to the challenged exemptions to the Waiting Period Laws.

*Defendants' Statement*

California has had some type of waiting period statute for firearm purchases continuously since 1923, and the most recent statutory provision relating to waiting periods was enacted in 1996. Applying the analysis set forth in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S.Ct. 2111, 2126, 2134 (2022), the Waiting Period Laws do not violate the Second Amendment. At stage one of the *Bruen* analysis, Plaintiffs bear the burden of establishing that their proposed course of conduct is covered by the plain text of the Second Amendment. At stage two of that analysis, Defendants intend to meet their burden by offering evidence that the Waiting Period Laws fit within the Nation's tradition of firearm regulation. *See, e.g., Bruen*, 142 S.Ct. at 2126

(Kavanaugh, J., concurring) (the Second Amendment permits states to impose conditions on firearm purchases that have the effect of delaying obtaining a firearm, including "fingerprinting, a background check, a mental health records check, and training in firearms handling and in laws regarding the use of force, among other possible requirements").

And because the Waiting Period Laws do not violate the Second Amendment or any fundamental rights protected by the U.S. Constitution, any classifications implicated by the Waiting Period Laws are subject to (and easily survive) rational basis review. See *Nordyke v. King*, 681 F.3d 1041, 1043 (9th Cir. 2012).

4. <u>Motions</u>. There are no past or pending motions relating to this case. The parties anticipate filing cross-motions for summary judgment after completing discovery.

5. <u>Amendment of Pleadings</u>. At this time, the parties do not anticipate modifying any of the pleadings.

6. <u>Evidence Preservation</u>. The parties certify that they have reviewed the Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information ("ESI") and have met and conferred fully regarding the preservation and discovery of ESI. The parties do not anticipate any issues regarding or disputes over ESI in this case.

7. <u>Disclosures</u>. The parties have complied with their initial disclosure requirements. Documents have not been produced, however, and the parties will confer further regarding the production of documents as they discuss how to most efficiently proceed with discovery and case management.

8. <u>Discovery</u>. No discovery has been served to date. The parties have conferred over their intended areas and scope of discovery, including whether they could stipulate to certain facts without resorting to formal discovery mechanisms. The parties do not anticipate the need to enter into a stipulated e-discovery order.

Pursuant to Fed. R. Civ. P. 26(f)(3), the parties state:

*Modifications*.

The parties completed initial disclosures by July 5, 2023. No changes are necessary to the timing, form, or requirement for disclosures under Rule 26(a), except that the parties will confer further regarding the timing of document production.

*Subjects and Timing of Discovery*.

Plaintiffs intend to seek limited discovery to confirm a few (primarily statistical) facts concerning the operation of the Waiting Period Laws. The parties will continue to confer on whether they can agree on a set of stipulated facts without resorting to formal discovery. Plaintiffs reserve the right to conduct discovery on any other proper matter.

Defendants intend to propound fact discovery regarding, *inter alia*, Plaintiffs' substantive claims and their standing to bring them. Defendants further anticipate proffering expert testimony in connection with Plaintiffs' claims, including, but not limited to, whether the Waiting Period laws are consistent with the Nation's tradition of firearm regulation.

Plaintiffs contend that fact discovery can be completed by November 17, 2023, and expert discovery can be completed by January 19, 2024.

Defendants contend that fact discovery can be completed by January 19, 2024, and expert discovery can be completed by March 29, 2024.

*Issues and Limitations Concerning Discovery*.

The parties have conferred regarding ESI and do not anticipate any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

The parties do not anticipate any issues about claims of privilege or of protection as trial-preparation materials.

At this point, the parties do not propose that the Court make any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or local rules.

At this point, the parties do not propose that the court issue any orders under Rule 26(c) or under Rule 16(b) and (c) of the Federal Rules of Civil Procedure.

9. <u>Related Cases</u>. The parties are not aware of any pending related cases or proceedings.

10. <u>Relief</u>. Plaintiffs seek (1) a declaratory judgment that Defendants' enforcement of California's Waiting Period Laws after such time that the Defendants timely confirm a firearm transferee is not prohibited from possessing firearms violates the right to keep and bear arms protected under the Second Amendment; (2) a declaratory judgment that Defendants' enforcement of California's Waiting Period Laws to typical law-abiding individuals, while also failing to enforce those same Waiting Period Laws against the classes favored by the statutory exceptions to them, violates the right to equal protection of the law secured by the Fourteenth Amendment; (3) a preliminary and permanent injunction restraining Defendants from implementing or enforcing California's Waiting Period Laws after such time that the Defendants timely confirm a firearm transferee is not prohibited from possessing firearms; and (4) attorney's fees and costs pursuant to 42 U.S.C. section 1988.

11. <u>Settlement</u>. The parties have not engaged in any formal or informal settlement discussions. Because this case challenges the constitutionality of state statutes and regulations, the parties do not anticipate that the case will settle.

12. <u>Consent to Magistrate Judge</u>. The parties do not consent to a magistrate judge for all purposes.

13. <u>Other References</u>. This case is not suitable for referral to a different proceeding.

14. <u>Narrowing of Issues</u>. The parties expect that the case will be suitable for cross-motions for summary judgment once discovery is complete, and the parties will seek to narrow the issues before the court by stipulating to some facts.

15. <u>Scheduling</u>.

*Plaintiffs' Proposal*

Expert Disclosure: October 27, 2023

Fact Discovery Cutoff: November 17, 2023

Expert Discovery Cutoff: January 19, 2024

Cross-Motions for Summary Judgment:

Opening briefs and supporting materials: February 16, 2024

Oppositions: March 15, 2024

Replies: March 29, 2024

Hearing on Cross-Motions: April 26, 2024

Trial: mid-June 2024, with motion cutoff and pretrial dates determined based on the result summary judgment hearing.

*Defendants' Proposal*

Expert Disclosure: December 22, 2023

Fact Discovery Cutoff: January 19, 2024

Expert Discovery Cutoff: March 29, 2024

Cross-Motions for Summary Judgment:

Opening briefs and supporting materials: April 12, 2024

Oppositions: May 10, 2024

Replies: May 24, 2024

Hearing on Cross-Motions: June 21, 2024

Trial: mid-October 2024, with motion cutoff and pretrial dates determined based on the result of the hearing on the cross-motions for summary judgment.

16. <u>Trial</u>. Each side believes that the case should be resolved in their favor at summary judgment. If it is not, the parties will try the case to the Court. Plaintiffs estimate that such a trial would last no more than two to four days, while Defendants estimate that such a trial would last no more than five to seven days.

17. <u>Disclosure of Non-Party Interested Entities or Persons</u>. Plaintiffs certify that there is no party that is required to be identified in a corporate disclosure statement. Each of the Plaintiffs that are not individuals are non-profit organizations that have no parent corporations and issue no stock.

18. <u>Professional Conduct</u>. Counsel for all parties certify that they have reviewed Civ. LR 2.1 and agree to abide by the Court's Code of Conduct.

Dated: July 6, 2023                BENBROOK LAW GROUP, PC


By  s/ Bradley A. Benbrook
    BRADLEY A. BENBROOK
    Attorneys for Plaintiffs

Dated: July 6, 2023                ROB BONTA
Attorney General of California


By  s/ Robert L. Meyerhoff
    SEBASTIAN BRADY
    ROBERT L. MEYERHOFF
    Deputy Attorney General
    Attorneys for Defendants