UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAIRE RICHARDS, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>ROB BONTA, et al.,<br><br>   Defendants. | Case No.: 3:23-cv-00793-LAB-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO EXTEND DISCOVERY DEADLINE,** and<br><br>**(2) ISSUING FIRST AMENDED SCHEDULING ORDER**<br><br>**[ECF No. 12]** |

Before the Court is the parties' joint motion extend discovery deadlines. ECF No. 12. The parties seek an order from the Court extending the fact discovery deadline by approximately 60 days. *Id.*

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 11 at 5 (Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); *see also* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

1

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

The Case Management Conference ("CMC") in this matter was held on July 11, 2023. ECF No. 10. At the conference, the Court set the fact discovery cutoff for December 11, 2023. ECF No. 11. On August 31, 2023—51 days after the CMC and 71 days after the fact discovery period opened[1]—Defendants served one set of interrogatories and one set of requests for production on Plaintiffs. ECF No. 12 at 2. Plaintiffs' responses were due on October 2, 2023. *Id*. Plaintiffs requested a 30-day extension of time to respond. *Id*. Defendants' counsel seeks to agree to this informal extension as a matter of professional courtesy, but such an extension would leave only 40 days for follow-up discovery requests responses to those requests, and depositions before fact discovery closed. *Id*. at 3. Thus, the parties jointly request a 60-day extension of the fact discovery deadline. *Id*.

The Court notes that there have been many delays in this case, which could belie a finding of diligence. Regarding the delay in propounding discovery, Defendants explain that their lead counsel took seven depositions in another case during that time period, and his co-counsel drafted two answering briefs for Ninth Circuit appeals and was subsequently out of the country on a pre-planned two-week international vacation. *Id*. at 2. Regarding

---

[1] *See* ECF No. 8 at 1 (requiring that the parties meet and confer pursuant to Rule 26(f) by June 21, 2023).

Plaintiffs' request for an additional 30-days to respond to Defendants' discovery requests, Plaintiffs explain that, since there are twelve plaintiffs, the total amount of interrogatories and requests for production is 140 and 150, respectfully. *Id*. Additionally, Plaintiffs' counsel explains that he completed expedited briefing after remand from the Fifth Circuit, has oral argument before the California Court of Appeal, and has upcoming deadlines for amicus briefs in the Supreme Court of the United States and the Supreme Court of Kansas. *Id*. at 2–3. The Court is satisfied with these explanations[2] and therefore finds good cause to **GRANT** the joint motion. The Court issues the following First Amended Scheduling Order:

    1.    All fact discovery shall be completed by all parties by **February 12, 2024**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process.  If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the

---

[2] However, the joint motion notes, offhandedly, that "Plaintiffs plan to issue discovery themselves." ECF No. 12 at 3. No explanation has been given regarding Plaintiffs' three-month delay in propounding written discovery requests. If Plaintiffs intend to serve written discovery requests on Defendants, they must do so no later than **September 29, 2023**.

Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

2. The parties shall designate their respective experts in writing by **March 12, 2024**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **April 12, 2024**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. By **March 12, 2024**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

4. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) by **April 12, 2024**.

5. All expert discovery shall be completed by all parties by **May 13, 2024**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. Failure to comply with this section or any other discovery order of the court

may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

6. All other pretrial motions must be filed by **June 26, 2024**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

7. A Mandatory Settlement Conference shall be conducted on **September 13, 2024** at **9:30 a.m.** in the chambers of **Magistrate Judge Allison H. Goddard**. Plaintiffs must serve on Defendants a **written** settlement proposal, which must include a specific demand amount, no later than **August 23, 2024**. Defendants must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person or by phone no later than **August 30, 2024**. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **September 6, 2024**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with the Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf). Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **September 6, 2024**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter,

the substance of the Settlement Conference Letter must comply fully with the Judge Goddard's Mandatory Settlement Conference Rules. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.**

8.  Despite the requirements of Civil Local Rule 16.1(f)(2), neither party is required to file a Memorandum of Contentions of Fact and Law at any time. The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the time and date specified by Civil Local Rule 16.1(f)(6)(b). The proposed pretrial order shall comply with Civil Local Rule 16.1(f)(6) and the Standing Order in Civil Cases issued by the assigned district judge.

9.  Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **October 28, 2024**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

10. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **November 4, 2024**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

11. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **November 12, 2024**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

12. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **November 18, 2024**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

13. The final Pretrial Conference is scheduled on the calendar of the **Honorable Larry Alan Burns** on **November 25, 2024** at **12:00 p.m.**

14. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

15. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

16. The dates and times set forth herein will not be modified except for good cause shown.

17. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

18. Plaintiffs' counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: September 21, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge