ROB BONTA
Attorney General of California
MARK R. BECKINGTON
PAUL STEIN
Supervising Deputy Attorneys General
ROBERT L. MEYERHOFF
Deputy Attorney General
SEBASTIAN BRADY
Deputy Attorney General
State Bar No. 330904
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3592
  Fax:  (415) 703-5480
  E-mail:  Sebastian.Brady@doj.ca.gov
*Attorneys for Rob Bonta in his official capacity as Attorney General of the State of California and Defendant Allison Mendoza in her official capacity as Director of the Bureau of Firearms*

IN THE UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CLAIRE RICHARDS, ET AL.,**<br><br>                                            Plaintiffs,<br><br>                    v.<br><br>**ROB BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF CALIFORNIA, ET AL.,**<br><br>                                            Defendants. | 3:23-CV-00793<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action contain potentially sensitive information and are normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order")

1

in this action. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed at Benbrook Law Group. "Counsel" also includes in-house attorneys for Plaintiffs and Defendants.

## GENERAL RULES

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony,

deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

  a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the operations of such party, implicate privacy interests, and/or conflict with state law.

  b. Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party.

5. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

6. Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

  a. the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this

1 Order; such designation must be made on the record whenever
2 possible, but a party may designate portions of depositions as
3 containing confidential information after transcription of the
4 proceedings; [A] party will have until fourteen (14) days after receipt
5 of the deposition transcript to inform the other party or parties to the
6 action of the portions of the transcript to be designated
7 "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL
8 ONLY."
9     b.    the disclosing party will have the right to exclude from
10 attendance at the deposition, during such time as the confidential
11 information is to be disclosed, any person other than the deponent,
12 counsel (including their staff and associates), the court reporter, and
13 the person(s) agreed upon pursuant to paragraph 8 below; and
14     c.    the originals of the deposition transcripts and all copies of the
15 deposition must bear the legend "CONFIDENTIAL" or
16 "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the
17 original or any copy ultimately presented to a court for filing must not
18 be filed unless it can be accomplished under seal, identified as being
19 subject to this Order, and protected from being opened except by order
20 of this Court.
21     7.    All confidential information designated as "CONFIDENTIAL" or
22 "CONFIDENTIAL FOR COUNSEL ONLY" must not be disclosed by the
23 receiving party to anyone other than those persons designated within this order and
24 must be handled in the manner set forth below and, in any event, must not be used
25 for any purpose other than in connection with this litigation, unless and until such
26 designation is removed either by agreement of the parties, or by order of the Court.
27     8.    Information designated "CONFIDENTIAL - FOR COUNSEL ONLY"
28 must be viewed only by counsel (as defined in paragraph 3) of the receiving party,

4

and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any confidential information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any confidential information of the producing party to the expert. Any objection by the producing party to an independent expert receiving confidential information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

9. Information designated "confidential" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

   a. Executives who are required to participate in policy decisions with reference to this action;

   b. Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

   c. Stenographic and clerical employees associated with the individuals identified above.

10. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of

the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11.  All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12.  Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

13.  No document shall be filed under seal unless counsel secures a court order allowing the filing of a document, or portion thereof, under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, they must contact the chambers of the judge who will rule on the application to notify the Court that an opposition to the application will be filed.

14.  At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection.

The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

15. All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

16. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

17. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or

"CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

18.  Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

19.  Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

20.  This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21.  Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

22.  Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the

1  person in possession of the attorney work product will continue to be bound by this
2  Order with respect to all such retained information.
3      23.   The restrictions and obligations set forth within this order will not apply
4  to any information that: (a) the parties agree should not be designated confidential
5  information; (b) the parties agree, or the Court rules, is already public knowledge;
6  (c) the parties agree, or the Court rules, has become public knowledge other than as
7  a result of disclosure by the receiving party, its employees, or its agents in violation
8  of this Order; or (d) has come or will come into the receiving party's legitimate
9  knowledge independently of the production by the designating party. Prior
10 knowledge must be established by pre-production documentation.
11     24.   The restrictions and obligations within this order will not be deemed to
12 prohibit discussions of any confidential information with anyone if that person
13 already has or obtains legitimate possession of that information.
14     25.   Transmission by email or some other currently utilized method of
15 transmission is acceptable for all notification purposes within this Order.
16     26.   This Order may be modified by agreement of the parties, subject to
17 approval by the Court.
18     27.   The Court may modify the protective order *sua sponte* in the interests of
19 justice or for public policy reasons. The parties prefer that the Court provide them
20 with notice of the Court's intent to modify the Order and the content of those
21 modifications, prior to entry of such an order.
22     IT IS SO ORDERED this 21st day of December, 2023.

_____
Judge, United States District Court

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of California on December \_\_, 2023 in the case of *Richards v. Bonta*, Case No. 3:23-CV-00793. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____