BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA  95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISHA CURTIN; DAKOTA ADELPHIA; MICHAEL SCHWARTZ; DARIN PRINCE; NORTH COUNTY SHOOTING CENTER, INC.; JOHN PHILLIPS; PWGG, L.P.; SAN DIEGO COUNTY GUN OWNERS PAC; CALIFORNIA GUN RIGHTS FOUNDATION; FIREARMS POLICY COALITION, INC.; and SECOND AMENDMENT FOUNDATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of California; and ALLISON MENDOZA, in her official capacity as Director of the California Department of Justice Bureau of Firearms,<br><br>*Defendants*. | Case No.:  3:23-cv-00793-AGS-AHG<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Courtroom:  5C<br>Judge: Hon. Andrew G. Schopler |

| | |
|---|---|
| 1 | Plaintiffs respond to Defendant's Notice of Supplemental Authority (ECF 29) as follows: |
| 2 | |
| 3 | The decision in *Mills v. New York City*, No. 23-CV-07460 (JSR), 2024 WL 4979387 (S.D.N.Y. Dec. 4, 2024), directly conflicts with *Nguyen v. Bonta*, 720 F. Supp. 3d 921 (S.D. Cal. 2024), appeal docketed, No. 24-2036 (9th Cir.). In *Nguyen*, this court enjoined California's Penal Code §§ 27535 and 27540(g), which mandated a 30-day waiting period between purchases of handguns—one-third the length of the 90-day period between purchases at issue in *Mills*. |

Plaintiffs respond to Defendant's Notice of Supplemental Authority (ECF 29) as follows:

The decision in *Mills v. New York City*, No. 23-CV-07460 (JSR), 2024 WL 4979387 (S.D.N.Y. Dec. 4, 2024), directly conflicts with *Nguyen v. Bonta*, 720 F. Supp. 3d 921 (S.D. Cal. 2024), appeal docketed, No. 24-2036 (9th Cir.). In *Nguyen*, this court enjoined California's Penal Code §§ 27535 and 27540(g), which mandated a 30-day waiting period between purchases of handguns—one-third the length of the 90-day period between purchases at issue in *Mills*.

Aside from being closer to home, *Nguyen* was correctly decided and *Mills* was not. The district court in *Mills* decided that plaintiffs' proposed conduct was not covered by the text of the Second Amendment because "nothing in the text of the Second Amendment suggests that plaintiffs have a right to immediately obtain firearms 'on demand' as opposed to having to wait a short period of time." *Mills*, 2024 WL 4979387, at *9. This approach flouts the Supreme Court's direction in *District of Columbia v. Heller*, 554 U.S. 570, 582 (2008), *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1, 17 (2022), and *United States v. Rahimi*, 602 U.S. 680, 692 (2024), all of which direct that the question whether a plaintiff's conduct is "covered" by the text of the Second Amendment takes place at a high level of generality, consistent with the general nature of the text's "unqualified command" that the right to keep and bear arms shall not be infringed. *Bruen*, 597 U.S. at 17. Thus, in *Bruen*, the proposed conduct was not defined as "carrying handguns publicly for self-defense without having to get a license after establishing a special need." Instead, the proposed conduct was simply "carrying handguns publicly for self-defense." 597 U.S. at 32. Likewise, the question in *Rahimi* was not whether the Second Amendment's text expressly covers possession of a firearm by those who are subject to domestic violence restraining orders. In short, the nature of the restriction bears on the historical analysis, not the question whether the Second Amendment's text covers the proposed conduct.

*Nguyen* demonstrated the proper application of these principles when the court found that purchasing multiple handguns within a 30-day period was covered by the Second Amendment's text. 720 F. Supp. 3d at 934. The court rejected defendant's argument, as in *Mills*, that a burden—as opposed to an outright prohibition—on the right to keep and bear arms does not implicate the text, and it emphasized:

> To the extent that the nature of the regulation's burden may be properly considered, the Supreme Court has cautioned that such consideration must be subsumed within the subsequent analysis of whether the regulation is consistent with the Nation's historical tradition of firearm regulation. *See Bruen*, 597 U.S. at 29 and n.7 (stating that "whether modern and historical regulations impose a comparable burden on the right" may be considered in determining whether the challenged regulation has relevant historical analogues but cautioning that "[t]his does not mean that courts may engage in independent means-end scrutiny under the guise of an analogical inquiry").

720 F. Supp. 3d at 934–35.[1]

Finally, Plaintiffs note that Defendant's terminology in the Notice—referring to "*Bruen* step one"—invites the sort of approach that *Bruen* rejected. Indeed, *Bruen* confirmed that the coverage question is so straightforward that it doesn't even deserve recognition as an analytical "step": It rejected the post-*Heller* "two-step" approach that had prevailed in the lower courts as involving "one step too many." 597 U.S. at 19. Defendant's supplemental authority does not change the analysis here.

Dated:  December 24, 2024          BENBROOK LAW GROUP, PC

By  s/ Bradley A. Benbrook
BRADLEY A. BENBROOK
Attorneys for Plaintiffs

---

[1] A motions panel of the Ninth Circuit initially stayed the district court's injunction, but the merits panel reversed that decision after oral argument. ECF No. 46.1, Order, *Nguyen v. Bonta*, No. 24-2036 (Ninth Cir. Aug. 15, 2024).